Mason and Torbert argued in support of the application.
It was held that Lyon is an incompetent witness for the defendants, on the ground that, if a recovery should be had against them, he could be made a party to the judgment, by a proceeding in scire facias.
We contest this proposition, and on two grounds :
First: There is but one mode in which Lyon can be made a party to the judgment. This mode is prescribed by statute. Certain things must concur to render it available as a remedy. The deféndant must 477] “ reside” or, at least, be within reach of the ^process of the court. The writ of scire facias must be “ returned served” on him, “before he can be made a party to such judgment.” Swan’s Stat. p. 658. The bill of exceptions shows that Lyon is a citizen residing in another state, and, therefore, beyond the jurisdiction of the courts of this state. But, it may be replied, he may voluntarily come within the jurisdiction of this state. The plaintiff may come to the knowledge of it, and may cause him to be served with a scire facias, if he can be found. These things are all possible. And yet they are not even possible without the voluntary act and consent of Lyon himself. ■What kind of a right is that which can not be exercised without the *478 voluntary act and will of him against whom it is to be enforced ? There is no legal obligation on Lyon to come to this state, nor has the plaintiff power to bring him here.
We are thus irresistibly conducted to the conclusion that he can not be made a party to the judgment without his own consent.
A liability of this nature, if liability it may be called, depending, as it does, on some future act, to be done or not done, at the will of the party himself, is not, we submit, such an interest as goes to the competency of Lyon as a witness. A remote or contingent interest does not render a witness incompetent.
Second : But suppose Lyon to have an interest in the event of the suit on the alleged ground of his liability to be made a party to any judgment that may be obtained against the defendants, he is still so situated that the event is to him a matter of indifference, and therefore he is a competent witness. In all eases of balanced interest the witness is admissible. G-reenleaf’s Law of Evidence, 445, 464. The bill of exceptions shows that the defendants have released Lyon from his liability to them on account of the note or any recovery that may be had against them ; and also, that money has been deposited sufficient to pay all costs that may arise in the suit against them, or in any proceeding to make him a party to the judgment. But this does not release his liability to the plaintiff.
*We have found no case which decides, where a joint action [478 is brought on a joint and several undertaking, and a part only are-served with process, that the plaintiff loses his remedy, both at law and in equity, against all that were not taken. But cases have been found in which relief has been denied against dormant partners, after a recovery had at law against the ostensible partners for a joint debt contracted by the partnership. S. and P. Penny v. Martin and others, 4 John. Ch. 566, and the note subjoined thereto.
The court held that there was a joint and not several liability ; that joint debtors must be jointly sued, and a joint indebtedness in all the defendants must be shown ; and that, when, in respect to any of the defendants, the right of action is gone, or suspended, their joint liability being at an end, the other defendants may avail themselves of this suspension, or discharge. But contra, Sheehy v. Mandeville and Jemisson, 6 Cranch, 253; Story on Part. 543, and notes.
But even if the obvious justice of the case must be made to yield to the force of a technical rule of law, by which the separate liability of one is supposed to be merged in a judgment against others, when *479 rendered in a joint action against all, still the creditor is not without remedy in a court of equity. Chitty recommends, when the contract is joint and several, and the demand considerable, that the creditor proceed separately against the debtors; for, he adds, if all the parties be joined, and one of them die after judgment, and before execution, the remedy at law against the personal estate or assets of the deceased is determined, and in the case of the death of a surety, even a court of equity will not, in all cases, relieve. He refers to several cases, and, amongst others, to 3 Vesey, 399; 2 Vesey, sen. 106, 171 ; 1 Chitty’s Pleadings, 49, 50, 7 Amer. ed. and notes.
Third: Again, the interest of Lyon was hostile to the party who offered his deposition in evidence ; for if the plaintiff recovered against Armstrong and others, and obtained satisfaction from them, that would be a bar to his action against Lyon, and the release of Armstrong and 479] others would protect him *against any action which they might bring against him, for contribution or otherwise. Le Roy, Bayard & Co. v. Johnson, 2 Peters, 186.
W. A. Rogers, on the same side, also argued—
First: Lyon would be as certainly and extensively liable, at law, upon the note, the original cause of action, in the event of a judgment for the defendants as he would be by scire facias upon a judgment against them. His interest is, therefore, balanced, and he is competent.
He cited 6 Johns. 98 ; 4 Johns. Ch. 566 ; Story on Partnership, 543, sec. 385 ; 6 Cranch, 253 ; Grow on Partnership, 216 ; 4 Taunton, 752 ; Chitty on Contracts, 44.
Second ; In a separate suit against Lyon, a judgment in favor of defendants would be of no benefit to him as evidence.
Third : As the court have placed their objection to Lyon’s testimony, not upon the relation which he now bears to the case, as one against whom process issued and was returned not found, but upon his liability.
Fourth: Although there are conflicting authorities as to the admission of parties to the record even where they have no interest, yet I take it for granted the court, on this point, agree with Tindal, C. J., in Worrall v. Jones, 7 Bingham, 395, cited in notes to 2 Philips’ Ev. 136, that so far as the English cases go, “ no ease has been cited, nor can any be found, in which a witness has been refused upon the objection, in the abstract, that he was a party to the suit. On the contrary, many have been brought forward, in which parties to the suit, who *481 have suffered judgment by default, have been admitted as witnesses .against their own interest, and the only inquiry seems to have been, in a majority of eases, whether they were interested in the event of the suit or not; ” and with Washington, J., “ That the general rule of law certainly is that a party to a suit can not be a competent witness ; but it is equally so, that the interest which that party has in the event of the suit, both as to costs and the subject in dispute, lies at the *foundation of the rule, and when that interest is removed the [480 objection ceases to exist.
Perry and Dennison against the application.
The main question seems to be this—
If a recovery he had against the defendants, served with process, ■will not such recovery be against the interest of Lyon ? If so, his testimony was properly ruled out.
1. Lyon was a party defendant on the record. The rule is, we understand from the books, a party can not testify except against his own interest; and then only with the consent of the opposite party. This rule is not founded solely upon the consideration of interest, but upon general policy. G-reenleaf’s Evidence, 378, et seq.
2. Lyon had an interest. If a judgment went against the defendants, served with'process, he could, under our statute, be made a party ■to the judgment by scire facias. It makes no difference that he lives in Missouri. It is a thing hanging over him of lying in wait for him, in this state. The interest is unquestionable.
3. But it is claimed that this interest is balanced — that if the plaintiffs fail in this suit against the defendants, served with process, they can, nevertheless, commence their suit against Lyon and recover ; so that a judgment does not affect his interest one way or the other. The argument proceeds upon the ground that the note was joint and several, and that after electing to consider it a joint note, and suing a joint action, the plaintiffs may afterwards elect to consider it a several note, and recover in a several action against one of the parties.
It is a sufficient answer to this, that the record no where shows the note to be joint and several. It appears throughout to be a joint note.
This, we suppose, must put an end to the case. But were it a several as well as joint note, it seems to be conceded by the other side that an action could not be maintained against Lyon severally, and against the other defendants jointly, at the *same time. Why? [481 Because one would abate the other. Now, can the other side produce *482 an instance where one action being commenced at the same time of another, would be abated by it; when, if the other'had been decided, it would not be bound by it ? In other words, does not the same principle which makes one action abate another, pending at the same time, make a judgment in the first, bar the other, if commenced afterwards. In concluding that the two actions can not be carried on at the same time, it seems to us the whole point is conceded. If the second suit can not be carried on at the same time, it can not be carried on at all. For there is no reason why lapse of time should vary the principle.
“ Where three obligors are jointly and severally bound, the plaintiff must sue‘them all jointly, or each of them separately.” Chitty’s Pleadings, 49.
It can not be doubted but if the action fail against the present defendants, they will be effectually discharged from the debt.
“ Where the debt is distinguishable as to one, it discharges all, whether the parties intended it or not.” Story on Bills, sec. 431; 18 Johns. 459.
Chitty, in speaking of the joinder of parties jointly and severally bound, says :
“ There may, however, be this objection in case of a joint contract, to the nonjoinder of one or more of the several parties liable, that if judgment be obtained against one, and in a separate action against him-on such contract, the plaintiff may have difficulty in afterwards proceeding against the parties omitted.” 1 Chit Pleading, 53,
Since we have seen the papers in the present application, we have bad no time to search the books to any extent, and will trouble the court with but one more reference ;
“ If three persons bind themselves by a joint and several contract they may be sued jointly or severally, as in the last case. But two of them can not be sued together in one action, while they are all living, without the other. For the plaintiff must treat the contract as alto 482] gether joint or *altogether several. An action partly joint and partly several, quoad the parties liable, being unknown in the law. But in the case now supposed, if the plaintiff sues two and only two of the three, in one action, he, by joining the two, treats the contract so far as joint, while, by not joining the third, he treats it as several.” Gould’s Pleading, 207, and references.
But the record shows this to be joint only. The testimony of Lyon goes to extinguish the debt entirely, as to the present defendants; and the authorities seem to be uniform, that when a joint debt is extin *483 guished by any means, as to some of the joint contractors, it is.extinguished as to all.
The record was indorsed by the four judges, as follows;
The writ of error applied for in this ease is not allowed.
E. LANE,
R. WOOD,
M. BIRCHARD.
N. C. READ.