Smith, J.
The question in this case is, whether the trial court erred in withdrawing the evidence from the jury, and in directing a verdict for the defendant.
The petition alleged,in substance, that the defendant company was engaged in the manufacture of cast iron gas and water pipes, at its plant at Addyston, in this couny, in June, 1894; and that the plaintiff was then in the service of the •company, engaged in running and operating a crane which was equipped by the defendant with a rack or trolley chain. That the defendant had wrongfully and negligently, •equipped said crane which was then being operated by plaintiff, with an iron rack or trolley chain, which was defective, dangerous, unsafe, and liable to break, and wrongfully and negligently failed, neglected and refused, to furnish, provide and maintain about the said chain, wire covering, such as shoes, to protect the plaintiff from injury by the breaking of said chain while at his said work. Whereby and by means of the said'negligence[]of the defendant, while *28 the plaintiff was engaged as aforesaid, in operating said crane, in June, 1893, the said rack or trolley chain, suddenly and without any notice or warning to the plaintiff, broke, and struck the plaintiff across the face, and severely injured him, causing him to lose the sight of one of his eyes. That he had no knowledge or means of knowledge, that the said rack or trolley chain was defective, dangerous, unsafe, and liable to break, and that he was wholly free from fault. He alleges that thereby he has suffered damages to the amount of $10,000, for which he asks a judgment.
The answer admits the corporate character of defendant, and that he was doing business as alleged, and that plaintiff at the time stated, was in its service, and denies all the other allegations of the petition.
At the trial of the case, the evidence offered by the plaintiff, certainly tended to show this state of fact — that in May, 1893, instead of June of that year,the plaintiff was in the service of the defendant company, and at the’time of the injury, was in the same business in which he had been engaged by the company for a considerable period, in managing a crane which was used for hoisting or lowering the manufactured iron pipes. He was standing, as was usual, upon a platform, four or five feet from the ground. The chain which ran over the crane, supporting the load, was composed of links about half an inch in diameter. As he reached to stop the traveler, one of the links in this chain broke, and one end of the chain flew back and struck the plaintiff about the head and back, severely injuring one of his eyes. There was no evidence tending to show that the plaintiff was in any way negligent or careless in the performance of the duty imposed upon him, or that he acted in any way different from his usual way of managing the machinery, or in any respect was at fault. The evidence further tends to show that the defendant company had in its service, a man who did sometimes inspect the chains, but *29 there is no evidence tending to show that he had ever examined or inspected this particular chain which had been in use for about eight months. It was his duty, as was testified to, “to look after the chains, oiling and inspecting them, and the like of that.” It was no part of the duty of the plaintiff to inspect this chain or machinery, and he had no knowledge of any- defect in it.
Now, the foregoing is what the oral evidence tended to prove on the material question in the case, and the only additional evidence offered in regard thereto, was a link of the chain which broke, as testified to by the plaintiff, and which he says he took from the end of the part of the chain which struck him, a few minutes after he was injured, and which link was offered in evidence, and is attached to the bill of exceptions, certified to contain all of the evidence given in the case.
This link is about 3 inches in length, by, say, 2-| inches in width, from out to out, and as has been said, is about -§ an inch in diameter. It is broken at one of the ends. At the other end, the inside of the link is somewhat worn; but at the broken end, it was evidently very greatly worn, and it is clear, from an inspection of it, that prior to the breaking, but a very small part of the original thickness remained — probably not one-fourth of it- — -and the conclusion is irresistible from the appearance of the link, that the wearing away of the iron had been gradual, had for some time been worn three-fourths of the thickness, of the link, and it would seem that if a person having knowledge of such matters, had inspected the chain with any care, that he should have seen that it was greatly worn, and was unsafe and dangerous for the use and strain that would be upon it.
The question then is, was the trial court justified in holding, as a matter of law, that the plaintiff was not entitled to recover, or whether it was not his duty to submit the *30 case to the jury, under appropriate instructions, to determine whether, on the case made, the plaintiffs had a right to recover against the defendant.
The law of his state as to the liability of an employer to his employe, for injuries received by the latter while in the service of the former, from defective machinery furnished by the master, has been passed upon by our supreme court in several cases. In the case of Railroad Co. v. Webb, Admx., 12 Ohio St., 475, the syllabus states the law thus:
“In an action to recover of a railroad company for injuries received by a brakeman while in the service of the company, by reason of the breaking of the chain, and giving way of the brake while working it, owing to a defect therein, whereby he was thrown from the train and injured,
Held: 1. That it was the duty of the company to use all reasonable and ordinary care in providing safe and well equipped brakes for the brakeman,and that if the company in neglect of such duty has procured a defective and improper brake, and placed the brakeman to work the same without an opportunity to know such defect, and he was thereby injured, a right of action would thereupon arise against the company
2. That if the existence of such defect at the time of the accident was owing to the neglect of other operatives of the road supposed to be competent whose duty it was to have inspected said brake, but who neglected so to do, and negligently suffered the same to continue in use when not roadworthy, unknown to the company,it is not liable therefor,inasmuch as said delinquent inspector is to be regarded as a fellow servant of the brakeman in a common service.”
In deciding the case Judge Sutliff,in speaking of the doctrine as to the liability of the company for injury produced by defective machinery, says:
“In the case of McGatrick v. Wason, 4 Ohio St.,566, this court held it to be a general rule, that an employer who provides the machinery and oversees and controls its operation,-must see that it is suitable,‘and that if an injury to *31 the workman happen by reason of the defect, unknown to the latter, and which the employer by the use of ordinary care could have cured,such employer is liable for the injury. And in the case of R. R. v. Keary, 3 Ohio St., 202, it is said in such a case, ‘the skill and care must be reasonable, and it is not reasonable when it does not furnish at' least ordinary security against injury to others. If he, (the.employer), is found wanting in this, and .injury ensues, he has failed to perform his duty to his fellow men, and the right to receive and-the duty to make reparation immedi-' ately arise”
—and there are other decisions to the same effect.
If, then, this machinery furnished to the plaintiff, was defective in the particular mentioned, and it was dangerous to use it in that condition, and the danger could, by the exercise of reasonable care,have been discovered, and guarded against, and the plaintiff was ignorant of the defect, and it was not incumbent upon him to examine as to this, and as a result of this the plaintiff received the injury as claimed, and the evidence, in our judgment, tended to show all of these facts, the case should have been submitted to the jury for its determination, unless there was something else in the case which, as a matter of law, deprived the plaintiff of a right to recover.
So far as we can see, (and this point was not referred to in the argument of the case), the only possible claim for this would be, that it came out in the evidence offered for the plaintiff, that the defendant company had in its employ, a man whose duty it was to inspect the machinery and have it in order, and who at some time had done things of that kind; but there was no evidence that he was a competent man for that purpose, or, that he was supposed by his employer to be such, or that he had ever examined this machinery or chain. If these things had all appeared, and the injury to plaintiff had resulted from this neglect of duty on tjdepart of the inspector, without neglect of duty on the *32 part of the company, we suppose that the injury thus happening from the negligence of a fellow servant with plaintiff, the defendant company would not be liable. But these facts do not appear in the evidence, and not so appearing, we think the trial judge was not warranted in withdrawing the evidence from the jury and in directing a verdict for the defendant, and for this reason, the judgment will be reversed, and a new trial awarded.
Michie & Clore, Attorneys for Plaintiff in Error.
Paxton, Warrington & Boutet, Attorneys for Defendant in Error.